```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION

EUGENIA GREENBERG,
and DAN GREENBERG,

      Plaintiffs,

v.                              Case No. 8:24-cv-2559-VMC-TGW

FCA US LLC,

      Defendant.
_____/
```

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiffs initiated this negligence, products liability, and loss of consortium case in state court on

1

October 13, 2024. (Doc. # 1-1). Thereafter, on November 1, 2024, Defendant removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 1-1 at 1). Instead, in its notice of removal, Defendant relied upon the allegations of injury in the complaint and the state court civil cover sheet to argue that the amount in controversy exceeds $75,000. (Doc. # 1 at 5-6).

Upon review of the notice of removal, the Court was not persuaded that the amount in controversy has been satisfied. (Doc. # 3). Specifically, the Court concluded that the "allegations of permanent injury to Plaintiff Eugenia Greenberg and loss of consortium to Plaintiff Dan Greenberg are vague boilerplate that do not persuade the Court as to the extent of damages at issue," and noted that "[n]o information as to the amount of Plaintiffs' past medical bills or lost wages [was] provided." (Id.).

Additionally, the Court emphasized that "the state court civil cover sheet's statement that the amount in controversy exceeds $100,000" could not be considered. (Id.); see also Dimasi v. USAA Gen. Indem. Co., No. 8:23-cv-2265-VMC-TGW, 2023 WL 6873351, at *2 (M.D. Fla. Oct. 18, 2023) ("Plaintiff's state court civil cover sheet is not evidence of the amount in controversy for purposes of determining federal jurisdiction."); Bell v. Ace Ins. Co. of the Midwest, No. 2:20-cv-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020) ("To give the state civil cover sheet a substantive effect for purposes of the removal statute, as Plaintiffs argue the Court should do, would contravene the Supreme Court of Florida's own rule prohibiting the use of information in the cover sheet for any purpose other than the State's

3

collection of data."). The Court gave Defendant an opportunity to provide additional information to establish the amount in controversy.

Defendant has now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 15). However, Defendant still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its new notice, Defendant asserts that Plaintiff Eugenia Greenberg has estimated her total past and future damages as $637,074.41. (Id. at 2). But the breakdown of these damages is unconvincing. No information is provided as to Plaintiff Eugenia Greenberg's past medical expenses or out-of-pocket expenses. Instead, these normally concrete categories of damages are listed as "To Be Perfected." (Id.). Rather, there are only three categories of damages actually given an estimate: $22,179.00 in future medical expenses, $14,895.41 in loss of household services, and $600,000 in "Past and Future Pain and Suffering." (Id.).

The Court does not credit the high estimate of $600,000 for combined past and future pain and suffering damages. This amount does not attempt to separate the pain Plaintiff Eugenia Greenberg suffered in the past before removal of the case and the pain she is predicted to suffer in the future. The

4

estimate is also highly speculative, given that no information is provided to give context to Plaintiff Eugenia Greenberg's alleged suffering. "Courts will not speculate as to the value of damages for pain and suffering." Reyes v. Stockhill, 568 F. Supp. 3d 1288, 1292 (M.D. Fla. 2021); see also Johnson-Lang v. Fam. Dollar Stores of Fla., LLC, No. 8:21-cv-902-VMC-CPT, 2021 WL 1625167, at *2 (M.D. Fla. Apr. 27, 2021) ("Family Dollar Stores does not provide sufficient detail about Johnson-Lang's pain and suffering or the other unspecified damages she has allegedly experienced."); Nelson v. Black & Decker (U.S.), Inc., No. 8:16-cv-869-SCB-JSS, 2015 WL 12259228, at *3 (M.D. Fla. Aug. 31, 2015) ("Plaintiff asserts that her damages consist of lost past wages and past medical expenses totaling $55,387.24, plus future medical expenses, plus pain and suffering. There is no information for the Court to estimate the amount of future medical expenses, and the Court will not engage in speculation regarding the value of her claim for pain and suffering.").

Furthermore, with no information provided on the past medical expenses and relatively low estimates provided for future medical expenses and loss of household services, the estimate of $600,000 for past and future pain and suffering appears excessive. Thus, the Court will not include the

5

$600,000 speculative estimate for pain and suffering in the amount in controversy calculation.

Likewise, the Court does not credit the estimated cost of future medical expenses here because there is no information as to what those future medical expenses entail or any evidence that Plaintiff Eugenia Greenberg has scheduled any future medically necessary procedures. See Pennington v. Covidien LP, No. 8:19-cv-273-VMC-AAS, 2019 WL 479473, at *2 (M.D. Fla. Feb. 7, 2019) (concluding that a recommended $110,000 surgery was "a hypothetical future medical expense" and "too speculative to include in the Court's jurisdictional discussion" because the surgery had not yet occurred or been scheduled and there was no evidence to "confirm that this surgery is necessary"); see also Rodriguez v. Family Dollar, No. 8:17-cv-1340-VMC-JSS, 2017 U.S. Dist. LEXIS 88594 (M.D. Fla. June 9, 2017) (remanding the case to state court where the amount in controversy was based on hypothetical future medical damages and reasoning that the pre-suit settlement offers were mere negotiation tactics).

Even if the Court credited the estimate of future medical expenses and loss of household services, the only concrete damages outlined in Defendant's notice equal $37,074.41.

6

(Doc. # 15 at 2). This is far below the $75,000 minimum to establish jurisdiction. Nor is the Court persuaded by the bare list of injuries Plaintiff Eugenia Greenberg suffered that her damages must exceed $75,000. (<u>Id.</u>). Again, despite being given the opportunity to do so, Defendant has failed to provide the Court with any information as to the medical expenses actually incurred in treating any injuries.

In short, Defendant has not carried its burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>13th</u> day of November, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE